## STEELMAN v. BYRNE ET AL.

[No. 10,699. Filed February 3, 1921.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —In an action to recover for damage to an automobile in a collision, error, if any, in the admission of evidence relating to

Steelman *v.* Byrne—75 Ind. App. 26.

the amount of damages is not ground for reversal, where there is no claim that the award of damages is excessive. p. 28.

2. APPEAL.—*Review.*—*Refusal of Instructions.*—It was not error to refuse requested instructions where they were fully covered by others given by the court on its own motion. p. 28.

3. NEW TRIAL.—*Grounds.*—*Newly-Discovered Evidence.*—*Cumulative Evidence.*—A new trial will not be granted for newly-discovered evidence where it is merely cumulative and no diligence is shown in attempting to procure such evidence before trial. p. 28.

4. NEW TRIAL.—*Grounds.*—*Newly-Discovered Evidence.*—*Impeaching Evidence.*—A new trial will not be granted on the ground of newly-discovered evidence where such evidence, if introduced, would not bring about a different result and could not be used except for the purpose of impeachment. p. 28.

From Gibson Circuit Court; *S. L. Vandeveer,* Judge.

Action by John C. Byrne and another against William Steelman. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Harvey Harmon,* for appellant.
*Luther Benson,* for appellees.

McMAHAN, J.—Appellees as partners were engaged in the transfer business, and as such owned and operated a taxicab used in carrying passengers to and from the several depots in the city of Princeton. Appellant owned and operated a truck in which he carried the mail to and from said depots. Appellees by their complaint sought to recover damages from appellant on account of the alleged negligence of appellant in running his truck against one of appellees' taxicabs.

There was a trial by jury, which resulted in a verdict and judgment against appellant for $75. The only error assigned by appellant is the overruling of his motion for a new trial. The reasons assigned in this motion and relied on for reversal are: (1) The verdict is not supported by sufficient evidence; (2) error in admitting evidence as to the cost of repairing the taxicab;

(3) error in refusing to give certain instructions; and (4) newly-discovered evidence.

No good purpose can be subserved by setting out the evidence. We have given it careful consideration and hold it to be sufficient to support the verdict.

The evidence, the admission of which complaint is made, related entirely to the amount of recovery. Appellant, however, makes no complaint about the amount of the recovery. There is no claim that the damages assessed are excessive. The recovery is well within the uncontradicted evidence as to the difference in value of the taxicab before and after the injury. The admission of such evidence, if erroneous, would not under the condition of the record be reversible error. The instructions refused were fully covered by the instructions given by the court on its own motion.

The newly-discovered evidence as set out in the motion for a new trial and in the affidavit of the newly-discovered witness, Joseph Whiting, is cumulative. This witness does not claim to have been present at the time of the collision. He arrived on the scene a few minutes later, and in his affidavit states what he saw at that time. In addition to his evidence being cumulative, no diligence is shown in not producing him at the trial.

The newly-discovered evidence, as set out in the affidavit of E. J. Wirth, related to statements which it is claimed the driver of the taxicab made after the trial, and could not be used except for the purpose of impeachment. The alleged newly-discovered evidence is not of such probative force that it would, if introduced, bring about a different result.

There is no error in overruling the motion for a new trial. Judgment affirmed.